WILLIAM H. JAMOUNEAU COMPANY, A CORPORATION, PLAINTIFF-APPELLANT, v. AMELIA WETHERILL, DE-FENDANT-APPELLEE.

Decided May 7, 1924.

Contracts—Purchase of Personal Property—Washing Machine Left on Trial—Sale Alleged and Denied—Machine Set in Street—Action for Trover and Conversion—Also Bailor and Bailee Relationship Considered—Judgment for Defendant Sustained.

On appeal from the First District Court of Newark.

Before Justices KALISCH and KATZENBACH.

For the appellant, *William E. Hampson*.

For the appellee, *Philip J. Schotland*.

PER CURIAM.

This is an appeal from a judgment rendered in the First District Court of Newark in favor of the defendant and against the plaintiff. The case was tried before the court, sitting without a jury.

The state of the case, as settled by the court, shows that on September 25th, 1920, the plaintiff corporation delivered a washing machine to defendant on trial, with the understanding that, if defendant did not want to purchase it, plaintiff would call and take it back. The defendant tried the washing machine and notified plaintiff that she did not want it, and for the plaintiff to take the machine away. The plaintiff insisted that the defendant had bought the machine. Thereupon the defendant notified the plaintiff on October 15th, 1920, that she refused to take the machine, and that unless the plaintiff took the machine away she would, after the expiration of three days, put the machine out on the sidewalk at its risk. The plaintiff received this letter and ac-

knowledged it, but did not go within the three days for the machine. The defendant then placed it on the sidewalk and notified the plaintiff of her act. For several days the plaintiff did not come for the machine, but when it did go for it found it in a damaged condition, and left it where it was. It then brought an action against the defendant for the price of the machine, alleging a sale, but upon the trial of the cause the court decided that there was no sale, and judgment was entered for defendant.

When the defendant placed the machine on the sidewalk it was not damaged. The reason given by the plaintiff why it refused to take the machine, in the language of its witness, was as follows: "We refused to take the machine because we insisted it was a sale; until I saw the machine in a damaged condition, I would have taken the machine back, if it had not been damaged." "I did not think Mrs. Wetherill meant what she said in her letters."

The record of the former action between the parties was offered and received in evidence.

The trial judge found that the plaintiff had deliberately refused to take the machine from the defendant's premises, and neglected to avail itself of the notice that the machine would be placed on the sidewalk, and held that any damage to the machine or its loss was the result of the plaintiff's failure to protect its property, and thereupon gave judgment for defendant.

From this judgment the plaintiff has taken this appeal. The plaintiff's action was for trover and conversion, and the trial court found under the evidence, and, we think, very properly so, that there was no conversion of the washing machine by the defendant. But it is now insisted, on behalf of the appellant, that the relation which existed between the plaintiff and defendant was that of bailor and bailee, and that it was the failure of the bailee to take reasonable care of the washing machine, which entailed the damage and loss to the plaintiff. But it is quite apparent from the pleadings, and the claim made by the plaintiff at the trial, that no such case as is now suggested by appellant's counsel, was tried

before the court.   The record and state of the case show that the issue presented to the court, which was one of fact, was whether or not the defendant was guilty of converting the washing machine to her own use, and then court found that she was not, and therefore the plaintiff was not entitled to recover any damages.

Judgment is affirmed, with costs.